STATE OF MAINE                                      SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                     DOCKET NO. CV-14-182


WENDY REPPUCCI,

         Plaintiff

         v.                              **ORDER**


JAMES P. NADEAU, ESQ. and
NADEAU LAW OFFICES, PLLC,

         Defendants


This matter was heard on oral argument on October 23, 2018 on the Defendants' Motion for Judgment as a Matter of Law and Defendants' Motion for New Trial. The Court has had an opportunity to review this well-briefed case and to listen to the helpful oral arguments, and after careful consideration concludes that both the Motion for Judgment as a Matter of Law and Motion for a New Trial should each be denied.

This case presented difficult legal issues involving applicability of the standard for legal malpractice as well as the issues associated with causation.

In *Niehoff v. Shankman & Assoc. Legal Ctr., P.A.*, 2000 ME 214, ¶10, 763 A.2d 121, the Law Court has addressed how legal malpractice cases should be evaluated in circumstances in which the judge, as factfinder, was never presented with issues and recognized the difficulty associated with attempting to prove what any particular judge would do on any particular given set of facts. This Court became convinced that in these circumstances the failure to argue at trial required application of the *Niehoff* principles in evaluating the appropriate legal standard. *Niehoff* does not dispense with the

1

requirement that proximate cause be also proven. The "failure to plead" standard was particularly appropriate from a legal and policy matter to apply in this case because the damages suffered by Plaintiff allegedly flowed from Attorney Nadeau's claimed failures to act.

The Court attempted to delineate in a special verdict form, as well as in instructions, that various nuances associated with each claim. The Defendants appropriately and timely objected. However, ultimately the Court believes that the instructions given, as well as the special verdict form, were appropriate under the law in this relatively complicated case.

To prove a legal malpractice claim pursuant to the "failure to plead" standard, a plaintiff must show: "(1) the defendant attorney was negligent in representation of the plaintiff; and (2) the attorney's negligence caused the plaintiff to lose an opportunity to achieve a result, favorable to the plaintiff, which (i) the law allows; and (ii) the facts ... would support."

The spousal support award of $36,400.00 was consistent with Plaintiff's expert Attorney Ridge's testimony that $100 per week for the statutory presumption period based on the length of the marriage was supported by the facts and law. The attorney fee award of $3,077.00 was supported by the Plaintiff's testimony about the bill she paid to correct the judgment to properly divide the military pay. Attorney Ridge opined that Attorney Nadeau's negligent failure to submit a judgment that properly divided the asset caused this loss. The jury was presented with evidence both by experts and the Plaintiff regarding the value, the debt for Richard Reppucci's equity in the home, the interest rate upon that debt, and the availability of equitable division in reconfiguring the division of the marital real estate.

2

The evidence also supports the jury's $25,445.00 award. Attorney Ridge testified that the law allowed the divorce court to order Plaintiff designated as a survivor beneficiary of Richard Reppucci's pension plan. CPA Eric Purvis' testimony supports the survivor benefit award of $15,600. The thrift savings plan was discussed at length during the trial. The jury could have concluded that the account had a balance of between $15,000 and $20,000. Attorney Ridge testified that had discovery been undertaken and had the account been pursued by Attorney Nadeau, Plaintiff would have recovered the 50% share to which she was entitled. The jury's award of $8,000 is supported by the evidence.

Finally, on the issue of whether or not there was appropriate evidence to allow the jury to conclude that its verdict was justified, the Court recognizes that many of the defense arguments made in support of these motions were also made to the jury. While it was certainly difficult for the jury to necessarily conclude how all of these factors were to be considered ultimately in the equitable distribution of property the Court concludes that as a result of the plaintiff's experts, admissions made by the defendants, and the defendants' expert, as well as other expert testimony, and testimony created by the plaintiff, that there was an adequate factual basis to support the jury's verdict with respect to each of the claims that were presented.

Accordingly, the Court denies both the Defendants' Motion for a Judgment as a Matter of Law and the Defendants' Motion for a New Trial.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

Dated: January 8, 2019

_____
John H. O'Neil, Jr.
Justice, Superior Court